

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-20-00273-CV

———————————————

JEFFNA MCKINNEY, INDIVIDUALLY AND AS EXECUTRIX
OF SID TALLEY'S ESTATE, APPELLANT

V.

LEE BIVINS FOUNDATION D/B/A BIVINS POINTE AND BETTY BIVINS
CHILDERS FOUNDATION D/B/A BIVINS POINTE, APPELLEES

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 109,178-C-CV; Honorable Ana Estevez, Presiding

July 27, 2021

## ORDER ON MOTION FOR REHEARING

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

By her *Motion for Rehearing,* Appellant, Jeffna McKinney, Individually and as Executrix of the Estate of Sid Talley, simply reiterates the same argument she made on appeal—that section 74.351(l) of the Texas Civil Practice and Remedies Code requires a hearing and that "*there was no hearing on Appellees' motion to dismiss – whether in-*

*person*, *on the relevant pleadings*, *or otherwise.*" Remaining convinced that our prior disposition was correct, we issue this supplemental opinion to clarify a misconception held by McKinney. She contends as follows:

> [a]t the risk of irritating this Court, Appellant repeats there was no hearing on the pleadings. There could not have been a hearing on the pleadings because the trial court only had one set of pleadings on the dismissal issue—the pleadings of Appellees. The simple fact is that Appellant was no[t] "heard" on the motion to dismiss.

McKinney should be assured that this court is not "irritated" by the advancement of serious issues and concerns—whether they are ultimately meritorious or not. We are concerned, however, whenever a litigant feels as if her procedural rights have been violated, and we wish to clarify the perceived misconception that a hearing was held by the trial court after hearing only one side of the issue. Based on our review of the record, we found a "hearing on the pleadings," in the traditional sense of the word, occurred whenever the trial court considered the contents of the expert report filed, on the one hand, against the merits of the section 74.351(l) motion to dismiss, on the other. A section 74.351(l) motion to dismiss should be considered "at issue" any time after the deadline for filing has passed.

Because the trial court here did not consider the motion to dismiss until after the deadline for the filing of an expert report, a "hearing" was had, and the motion to dismiss was properly considered. Accordingly, McKinney's *Motion for Rehearing* is denied.


Patrick A. Pirtle
Justice